1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

YESENIA BAROCIO,

No. 1:20-cv-01182 JLT SKO

12

Plaintiff,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

13

v.

(Doc. 14)

14

COUNTY OF FRESNO, and DOES 1-10,

15

Defendants.

16

17        Yesenia Barocio asserts that she was terminated because she took leave under the

18    California Family Rights Act and the Family and Medical Leave Act. (*See* Doc. 1.) She seeks to

19    hold the County of Fresno liable for discrimination and retaliation under the CFRA and

20    interference and discrimination under the FMLA. *Id*. at 5-13.) The County of Fresno seeks

21    summary judgment. (*See* Doc. 14.) Barocio opposes the motion as to her first, third, and fourth

22    causes of action (*see* Doc. 16), but "does not oppose Defendant's motion for partial summary

23    judgment of the Second and Fifth Causes of Action." (Doc. 16 at 9.) For the reasons explained

24    below, the motion is **GRANTED**.

25    **I.      Factual Background**

26        Barocio was first employed by the County's Department of Social Services in 2012.

27    (Doc. 14 at 20; UMF 3.) In 2018, Plaintiff was experiencing health issues (UMF 86) and took

28    FMLA leave. (UMF 14, 86, 132; Doc. 14 at 10; UMF 17-18.) County granted her request for "12

1  continuous weeks of leave in 2018, which is the full allotment of leave under CFRA and

2  FMLA." (Doc. 14 at 8; UMF 19-20.) Barocio exhausted her FMLA/CFRA leave on November

3  28, 2018. (UMF 72.)

4         Even still, Barocio was out on leave until December 7, 2018. (UMF 26.) On December

5  11, 2018, she returned to work at her same position and salary. (UMF 27.) Once she returned,

6  she was required to provide medical notes to excuse any further medical-related absences. (Doc.

7  14 at 11; UMF 31, 105, 155.) Barocio submitted five notes for purported medical absences

8  between December 2018 and March 2019[1]. (Doc. 14 at 11; UMF 34, 38, 40, 44, 46.) County

9  determined that none of the notes were not issued by the medical professionals listed on the

10  letterhead. (UMF 36; UMF 38; UMF 40-41; UMF 44.)

11         Eventually, County terminated Barocio's employment for dishonesty related to the

12  medical notes effective June 11, 2019.[2] (Doc. 14 at 9, 13; UMF 56.) On December 9, 2019,

13  Barocio filed a complaint with the Department of Fair Employment and Housing alleging

14  discrimination and retaliation for using CFRA leave. (UMF 60.)

15       **A.**     **Barocio's Bankruptcy Proceedings**

16         Barocio filed for Chapter 13 bankruptcy protection on October 29, 2019; she was

17  represented by counsel. (UMF 57.) She filed her summary of assets on November 12, 2019 and

18  failed to list her claims against the County. (UMF 58.) On February 5, 2020, Barocio filed an

19  amended Schedule A/B in her bankruptcy case in which she once again failed to mention her

20  claims against the County. (Doc. 14 at 26; UMF 59.) The bankruptcy court approved Barocio's

21  reorganization plan on March 9, 2020. (UMF 61.)

22  **II.**    **Legal Standards Governing Motions for Summary Judgment**

23         The "purpose of summary judgment is to pierce the pleadings and to assess the proof in

24  order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith*

25  *Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate

26  _____

[1] By April 2019, Barocio's accruals were sufficient, and she was no longer required to submit medical
27  documentation to excuse her absences. (Doc. 14 at 11; UMF 33.)
[2] At her deposition, Plaintiff admitted that she was not seen by any providers at Fresno Women's Medical
28  Group on January 23 or 24, 2019 (UMF 37), February 19, 2019 (UMF 42), or March 5, 2019 (UMF 46).
(Doc. 14 at 12-13.)

2

when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In addition, a court may grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of a claim. *Id.*; *see also Lies v. Farrell Lines, Inc*., 641 F.2d 765, 769 n.3 (9th Cir. 1981). The standards that apply for summary adjudication are the same as those for summary judgment. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The moving party demonstrates summary judgment, or summary adjudication, is appropriate by "informing the district court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (citation omitted); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1106 (9th Cir.2000).

If the moving party meets its burden, then the burden shifts to the nonmoving, opposing party to demonstrate a genuine issue of material fact. *See Celotex,* 477 U.S. at 322–23. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exits. *Id.* at 586, n.11; Fed. R. Civ. P. 56(c). Further, the opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc*., 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

3

1  In resolving a motion for summary judgment, the Court may consider only admissible

2  evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R.

3  Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc*., 854 F.2d 1179, 1181 (9th Cir. 1988)).

4  Further, evidence must be viewed "in the light most favorable to the nonmoving party" and "all

5  justifiable inferences" must be drawn in favor of the nonmoving party. *Orr*, 285 F.3d at 772;

6  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

7  **III.    Argument**

8  The County argues that: 1) Barocio did not respond to its requests for admission in a

9  timely manner and they should therefore be deemed admitted (Doc. 14 at 14-15); 2) Barocio

10  cannot prevail on her claims for discrimination or retaliation because a) she cannot prove a prima

11  facie case and b) her first and third claims are identical (*id*. at 16-22); 3) Barocio cannot prove

12  the county interfered with her leave (*id*. at 22); and 4) Barocio is estopped from bringing this

13  action because she failed to list this action on her Schedule A/B, which she filed in her

14  bankruptcy action. (*Id*. at 24-26.) Barocio does not oppose summary judgment as to her second

15  and fifth claims. (Doc. 16 at 9.) The Court therefore **GRANTS** the County's motion the second

16  and fifth causes of action.

17  **A.    Bankruptcy Estoppel**

18  "Judicial estoppel is an equitable doctrine that precludes a party from gaining an

19  advantage" by asserting inconsistent positions in judicial proceedings. *Hamilton v. State Farm*

20  *Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). It may be invoked "because of 'general

21  considerations of the orderly administration of justice and regard for the dignity of judicial

22  proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Id*. In the

23  Ninth Circuit, judicial estoppel is limited to cases where a court relied on or accepted the party's

24  previous position. *Hamilton*, 270 F.3d at 782-3. This applies both to inconsistent statements in

25  the same litigation but is "also appropriate to bar litigants from making incompatible statements

26  in two different cases." *Id*.

27  Bankruptcy Code section 541 (a)(1) requires that the bankruptcy estate includes "all legal

28  or equitable interests of the debtor." 11 U.S.C. § 541 (a)(1). In a Chapter 13 case, the estate also

includes assets acquired "after the commencement of the case but before the case is closed, dismissed, or converted." 11 U.S.C. § 1306(a)(1). A debtor has "an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *Hamilton*, 270 F.3d at 785 (emphasis in original). There is a duty to report a claim "when the cause of action is complete with all its elements." *Jones-Riley v. Hewlett Packard Co*., No. 2:13-CV-00125-TLN, 2015 WL 300703, at *3 (E.D. Cal. Jan. 22, 2015). This duty is continuing. *Hamilton*, 270 F.3d at 785 ("debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding").

In the bankruptcy context, "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 785. Courts in this District have adopted a basic default rule: "[i]f a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Garcia v. Standard Ins. Co*., 2015 WL 1814327, at *1 (E.D. Cal. Apr. 21, 2015) (citing *Ah Quin v. Cnty. of Kauai Dep't of Transp*., 733 F.3d 267, 271 (9th Cir. 2013)).

The Ninth Circuit has identified at least three factors for courts to consider to determine whether applying judicial estoppel is appropriate, including: 1) whether a party's later and earlier positions are clearly inconsistent; 2) whether a party succeeded in persuading a bankruptcy court to accept its earlier position; and 3) whether the party seeking to assert the inconsistent position obtained an unfair advantage. *Ah Quin*, 733 F.3d at 271. Other considerations may also inform the doctrine's application, such as "inadvertent" or "mistaken" omission. *Id*. at 276-278 (broadly interpreting "inadvertence" and "mistake"); *Jones-Riley*, 2015 WL 300703 at *5 (finding that the plaintiff's omission was not inadvertent because she had previously filed those claims with the EEOC).

The County argues that Barocio is estopped from bringing her current claims because she "did not disclose her legal claims during bankruptcy." (Doc. 14 at 26.) The County asserts that Barocio "has clearly taken inconsistent positions" and "successfully asserted her positions in

1   bankruptcy because the trustee/court authorized a reorganization plan on March 9, 2020" (*Id*. at

2   26-27.) Though Barocio opposed the motion, she failed to address this argument. (*See* Doc. 16.)

3       The Ninth Circuit's ruling in *Hamilton* explains how estoppel is applied in practice. In

4   *Hamilton*, the plaintiff filed a claim with State for water damage to a rental property and for

5   items he asserted were stolen from the house. 270 F.3d 778. Plaintiff blamed recently evicted

6   tenants for this incident. *Id*. State Farm was suspicious of the claim and investigated. Due to this

7   delay, Plaintiff enlisted the help of two lawyers to pressure State Farm into paying his claim. *Id*.

8       When that didn't happen, plaintiff filed bankruptcy. *Hamilton* at 778. Shortly thereafter,

9   State Farm denied his claim because the plaintiff had failed to produce supporting documents

10   and because he had misrepresented his financial difficulties, his location on the date of the

11   incident, and the location of the stolen goods. *Id*. Two weeks later, plaintiff filed his bankruptcy

12   schedules and listed the flood loss against his estate but did not list his claims against State Farm

13   as assets. *Id*. The bankruptcy court discharged plaintiff's debt in April 1998 based on the

14   plaintiff's incomplete representations. *Id*. The bankruptcy trustee noticed that plaintiff had listed

15   a large vandalism loss and inquired if he was pursuing any insurance claims. *Id*. Plaintiff did not

16   provide any additional information and consequently, the trustee filed a motion to dismiss

17   plaintiff's bankruptcy. *Id*. In July 1998, the bankruptcy dismissed plaintiff's bankruptcy and

18   vacated the discharge of his debts. *Id*.

19       Plaintiff then sued State Farm. *Hamilton* at 781. State Farm moved for summary

20   judgment and argued that plaintiff was estopped from bringing his claim because he had failed to

21   include the claim on his bankruptcy schedules causing the bankruptcy court to discharge his

22   debts. *Id*. at 782. The District Court granted the motion for summary judgment, holding that

23   plaintiff's claim was barred by judicial estoppel because he had taken contradictory positions by

24   failing to include his claims against State Farm in his bankruptcy schedules and attempting to

25   recover on those claims. *Id*. Plaintiff appealed. *Id*.

26       On appeal, the Ninth Circuit found that plaintiff "clearly asserted inconsistent positions"

27   when he "failed to list his claims against State Farm as assets on his bankruptcy schedules, and

28   then later sued State Farm on the same claims." *Hamilton*, 270 F.3d at 784. The Ninth Circuit

1  also held that "judicial acceptance was satisfied when the court approved the debtor's plan of

2  reorganization." *Id*. Finally, as to the "unfair advantage" factor, the Ninth Circuit noted that

3  plaintiff's "failure to list his claims against State Farm as assets on his bankruptcy schedules

4  deceived the bankruptcy court and [his] creditors, who relied on the schedules to determine what

5  action, if any, they would take in the matter. [Plaintiff] did enjoy the benefit of both an automatic

6  stay and a discharge of debt in his Chapter 7 bankruptcy proceeding." *Id*. Overall, it was "his

7  failure to disclose assets on his bankruptcy schedules that provide[d] the most compelling reason

8  to bar him from prosecuting claims against State Farm." *Id*. Having found that all three factors

9  weighed in favor of invoking judicial estoppel, the Ninth Circuit affirmed the District Court's

10  ruling and estopped the plaintiff from pursuing his claims against State Farm. *Id*.

11          Here, Barocio does not dispute that she filed for Chapter 13 bankruptcy protection on

12  October 29, 2019 (UMF 57, 79, 129, 179, 201); that she was represented by counsel (*id*.); that

13  she filed her summary of assets and liabilities on November 12, 2019 and that she did not list her

14  claims against the County (UMF 130); that she filed an amended Schedule A/B on February 5,

15  2020 that did not list her claims against the county (UMF 131, Doc. 14 at 126); nor that her

16  Chapter 13 reorganization plan was approved on March 9, 2020. (UMF 133.)

17          Like the plaintiff in *Hamilton*, Barocio asserted inconsistent positions by failing to

18  disclose her claims against the County to the bankruptcy court and by attempting to recover on

19  those same claims. The bankruptcy court relied on Barocio's summary of assets and liabilities

20  and her amended Schedule A/B when it accepted her reorganization plan. Barocio received the

21  benefits conferred by the reorganization plan. Finally, there is no indication that Barocio's

22  failure to disclose was inadvertent given the fact that Plaintiff filed her complaint with the

23  Department of Fair Employment and Housing on December 9, 2019 (UMF 60), *before* she filed

24  her amended Schedule A/B in her bankruptcy case on February 5, 2020. (UMF 59; Doc. 14 at

25  26.) *See Jones-Riley*, 2015 WL 300703 at *5.

26          Because there is no dispute that Barocio did not report to the Bankruptcy Court

27  information about her claims against the County, judicial estoppel applies to preclude her from

28  recovering on those same claims here. Thus, the Court **GRANTS** the County's motion for

7

1   summary judgment.

2

3   IT IS SO ORDERED.

4       Dated:   **March 26, 2024**                          _Jennifer L. Thurston_
                                                        UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28