UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA BAROCIO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO,<br><br>Defendant. | No. 1:20-cv-01182-JLT-SKO<br><br>**ORDER VACATING HEARING AND GRANTING MOTION TO WITHDRAW**<br><br>(Doc. 33) |

## I. INTRODUCTION

Plaintiff Yesenia Barocio ("Plaintiff") filed a First Amended Complaint in the Superior Court of the State of California on July 20, 2020, alleging violations of the federal Family and Medical Leave Act ("FMLA") as well as various related claims under state law. (Doc. 1). Defendant County of Fresno (the "Defendant") removed this action to federal court on August 21, 2020. (Doc. 1). On March 27, 2024, Defendant was granted summary judgment, and the case was dismissed. (Docs. 22-24).

On May 3, 2024, Jacob J. Rivas, Esq., of the Law Office of Jacob J. Rivas, ("Attorney Rivas"), attorney for Plaintiff, filed a motion to withdraw as Plaintiff's counsel of record. (Doc. 33). Defendant filed a statement of non-opposition. (Doc. 35). The matter is therefore deemed

unopposed. *See* E.D. Cal. L.R. 230(c).[1] After having reviewed the motion, supporting material, and response, the matter is deemed suitable for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the hearing set for June 26, 2024, will be vacated. For the reasons set forth below, Attorney Rivas's motion to withdraw as attorney for Plaintiff will be granted.

## II.   DISCUSSION

### A.   Legal Standard

Permissive withdrawal as attorney of record is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 1.16 of the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. Local Rule 182(d). Rule of Professional Conduct 1.16(b)(6) provides that an attorney may request permission to withdraw if the client "knowingly and freely assents to termination of the representation." Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[2] The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog*

---

[1] Plaintiff filed Substitution of Attorney on May 3, 2024, requesting the Court substitute Plaintiff as the attorney of record in this case. Plaintiff also previously filed an application to Proceed Without Prepayment of Fees (*see* Doc. 30), which the Court denied, as it was an improper pro se filing by a represented party.

[2] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients upon the termination of the representation.

*Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).

**B.     Analysis**

Attorney Rivas states he spoke with Plaintiff on or about March 28, 2024, regarding the case's posture after it was dismissed on summary judgment. (Doc. 33-1). Plaintiff stated that she wished to appeal the Court's ruling, and Attorney Rivas advised Plaintiff that he is not an appellate attorney. (Doc. 33-1 at 1-2). Attorney Rivas also advised Plaintiff that the scope of representation outlined in her retainer agreement did not obligate Attorney Rivas to represent on appeal. (*Id.*). Attorney Rivas states he and Plaintiff agreed that he would not file the appeal and provided Plaintiff with the file materials. (Doc. 33-1 at 2). Attorney Rivas also states Plaintiff encouraged and consented to his motion, and that he advised her that his withdrawal will leave her *in propria persona* and without legal counsel. (*Id.*).

Attorney Rivas has complied with both the Local Rules and the Rules of Professional Conduct. He provided Plaintiff notice of his intent to withdraw as counsel prior to filing his motion and served Plaintiff a copy via U.S. mail. (Doc. 33-2 at 2). Attorney Rivas has also complied with the Rules of Professional Conduct, as Plaintiff has "knowingly and freely assent[ed] to termination of the representation," as evidenced by her attempt to substitute herself as counsel (*see* Doc. 32). Cal. Rule of Prof. Conduct 1.16(b)(6); *Hopson v. Nove Plaza, LLC*, Case No. 1:17-cv-01746-AWI-SAB, 2018 WL 5310780, at *2 (E.D. Cal. Oct. 25, 2018).

The Court also finds Attorney Rivas has taken reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights in accordance with Rule of Professional Conduct 1.16(d). As set forth above, he informed Plaintiff that he intended to withdraw his representation, to which Plaintiff has agreed. Further, Attorney Rivas has provided Plaintiff with the case file pursuant to California Rule of Professional Conduct 1.16(e). With respect to whether Plaintiff will be prejudiced by the withdrawal, the Court notes that Plaintiff has not opposed the motion.

For the reasons set forth above, the Court shall grant the motion to withdraw. The Court notes that upon her attorney's withdrawal, Plaintiff will be proceeding *pro se* and will be responsible for the timely prosecution of the action. A failure to comply with an order of the

Court may result in sanctions, including dismissal of this action.

## II.     CONCLUSION AND ORDER

For the foregoing reasons, it IS HEREBY ORDERED that:

1. The hearing set for June 26, 2024 (*see* Doc. 33) is VACATED;

2. The motion to withdraw (Doc. 33) is GRANTED;

3. The Clerk of Court is ORDERED to RELIEVE Jacob J. Rivas., of Law Office of Jacob J. Rivas, as attorney for Plaintiff Yesenia Barocio;

4. Attorney Rivas SHALL serve a copy of this order on Plaintiff via U.S. mail <u>and</u> E-mail and INFORM Plaintiff that he has withdrawn. **<u>Within two (2) days of the date of the order</u>**, Attorney Rivas SHALL file a declaration certifying (a) proof of service of this order on Plaintiff via U.S. mail and E-mail; and (b) return of all Rule 1.16(e) items to her; and

5. The Clerk of Court SHALL UPDATE THE DOCKET to reflect Plaintiff's *pro se* status and her current address (*see* Doc. 33) and SHALL serve this order upon her at that address.

IT IS SO ORDERED.

Dated:   **June 4, 2024**                            /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE